IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOKAMON LANEAL HEARN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 3:12-CV-2140-D |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Yokaman Laneal Hearn ("Hearn"), who is scheduled for execution on July 18, 2012, filed a petition for a writ of habeas corpus, motion to proceed *in forma pauperis*, and motion for a stay of execution. Yesterday, he filed a notice of recent relevant authority that acknowledges that this court can do nothing but dismiss his petition. For the reasons explained, the court grants Hearn's motion to proceed *in forma pauperis*, dismisses his petition for want of jurisdiction as successive, and denies his motion to stay execution.

I

Hearn was convicted and sentenced to death for the capital murder of Joseph Franklin Meziere ("Meziere"), during which Hearn and three accomplices abducted Meziere from a car wash and drove him to a remote location where Hearn shot Meziere several times in the head at close range. *See Hearn v. State*, No. 73,371, slip op. at 3 (Tex. Crim. App. Oct. 3, 2001) (en banc) (per curiam). Hearn's conviction and death sentence were affirmed by the

Texas Court of Criminal Appeals ("CCA") on direct appeal, and the Supreme Court denied his petition for a writ of certiorari. *See Hearn v. Texas*, 535 U.S. 991 (2002). The CCA denied post-conviction habeas corpus relief in an unpublished order based on the state trial court's findings and conclusions and its own review of the record. *See Ex parte Hearn*, No. 50,116–01 (Tex. Crim. App. Nov. 14, 2001) (en banc) (per curiam). Hearn filed a petition for federal habeas relief in this court, which was denied. *See Hearn v. Cockrell*, 2002 WL 1544815 (N.D. Tex. July 11, 2002) (Fitzwater, J.), *cert. of appealability denied*, *Hearn v. Cockrell*, 73 Fed. Appx. 79 (5th Cir.), *cert. denied*, *Hearn v. Dretke*, 540 U.S. 1022 (2003).

On the eve of his scheduled execution, Hearn filed a successive habeas action in this court pursuant to *Atkins v. Virginia*.[1] The court transferred the petition to the court of appeals, which stayed the execution and authorized Hearn to pursue a successive habeas petition under *Atkins*. *See In re Hearn*, 418 F.3d 444, 448 (5th Cir. 2005). This court later granted a stay and abatement to allow the exhaustion of that claim pursuant to *Rhines v. Weber*.[2] *See Hearn v. Quarterman*, 2008 WL 3362041, at *6-7 (N.D. Tex. Aug. 12, 2008) (Fitzwater, C.J.). The CCA denied Hearn's application for habeas relief. *See ex parte Hearn*, 310 S.W.3d 424 (Tex. Crim. App.), *cert. denied*, 543 U.S. 960 (2010). Hearn then returned to this court where proceedings were reopened and habeas relief was again denied. *See Hearn v. Thaler*, 2011 WL 825744, at *4-5 (N.D. Tex. Mar. 3, 2011) (Fitzwater, C.J.).

---

[1] 536 U.S. 304 (2002).

[2] 544 U.S. 269 (2005).

The court of appeals denied a certificate of appealability, *Hearn v. Thaler*, 669 F.3d 265, 273-74 (5th Cir. 2012).  Hearn filed a petition for writ of certiorari on June 18, 2012.  *Hearn v. Thaler*, No. 11-10944.  The petition is currently pending.

On April 25, 2012 the state court set an execution date of July 18, 2012.  *See State v. Hearn*, No. F98-46232-S (282nd Dist. Ct., Dallas Co., Tex.).  On July 5, 2012 Hearn filed the instant habeas petition, presenting a claim of ineffective assistance of trial counsel under *Wiggins v. Smith*[3] for failing to investigate and present mitigating evidence at his trial.  On July 8, 2012 Hearn filed a notice of recent relevant authority that is adverse to his position and that requires that the court dismiss his petition.

II

The court turns first to Hearn's notice of recent relevant authority.  Hearn's notice "suggest[s] how the Court might proceed" and states "that it would waste the Court's resources, as well as valuable time for upcoming proceedings in the Fifth Circuit and the Supreme Court, to continue considering Mr. Hearn's petition."  Notice 1, 3-4.  The notice does not clearly indicate that it is intended to be a Fed. R. Civ. P. 41(a) notice of voluntary dismissal; instead, it appears to be counsel's attempt to comply with a "duty to bring to the Court's attention this development."  Notice 1.  Absent a clear indication that Hearn intends to dismiss this petition, this court will follow Rule 4 of the Rules Governing Section 2254

---

[3]539 U.S. 510 (2003).

Cases in the United States District Courts.[4]

### III

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner's right to file a subsequent habeas action in federal court is severely limited.

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(B)(2). Hearn initially conceded that he could not make this showing,[5] but

---

[4] Hearn refers to this rule, which provides, in part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Notice 4 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts) (emphasis omitted).

[5] Hearn acknowledged that he could not make the required showing under § 2244(B)(2) for authorization to file a successive petition:

> On its face, Mr. Hearn's *Wiggins* claim does not satisfy either exception to the abuse of the writ rule of preclusion, because it is not based on a new, retroactive rule of constitutional law, and it is based on facts that were previously discoverable and do not call into question the viability of his conviction.

Pet. 64; Stay Motion 3.

he asserted that his petition should not be considered successive in light of the Supreme Court's recent opinion in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012). Hearn now acknowledges the circuit precedent that teaches that *Martinez* is inapplicable to his case.

Hearn conceded in his petition that "the ineffective assistance of trial counsel claim presented here (the '*Wiggins* claim') was not raised in Mr. Hearn's first state habeas corpus application." Pet. 63 (referring to Pet. 4-6). Hearn does not assert that he has since exhausted this claim, but "concedes that the claim raised here would be barred as an abuse of the writ if he now tried to present it to the state courts." *Id.* at 63-64 n.14 (citing Tex. Code Crim. Proc. Ann. art. 11.071, § 5).

Generally, a petition containing both exhausted and unexhausted claims must be dismissed or stayed so that the petitioner can return to state court to exhaust state remedies. *See Rhines*, 544 U.S. at 277-278 (discussing *Rose v. Lundy*, 455 U.S. 520, 522 (1982)). Such action would be futile and the federal court should deem the claims to be procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Neville v. Dretke*, 423 F.3d 474, 479-480 (5th Cir. 2005) (holding unexhausted claims ineligible for stay when state court would find them to be procedurally barred). A habeas petitioner can avoid the imposition of this bar, however, by demonstrating a recognized exception.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750. The "fundamental miscarriage of justice" exception allows the federal court to reach a claim when the constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 748 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006) (holding that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Despite his reference to Anthony Graves,[6] Hearn asserted neither actual innocence nor the kind of cause-and-prejudice recognized in *Coleman*. Instead, he relied entirely on the new exception to procedural bar created in *Martinez*.

> Before March 20, 2012, there would have been no way for Mr. Hearn to overcome procedural default or abuse of the writ. Because of the Supreme Court's decision in [*Martinez*] on March 20, 2012, however, there is now a way for Mr. Hearn to overcome both procedural barriers to the consideration of the claim he presents in this petition.

Pet. 64-65; Stay Motion 4.

In *Martinez* the Supreme Court created an equitable exception to the imposition of a

---

[6]Pet. 1.

procedural bar to an ineffective assistance of counsel claim that was not raised in the initial state habeas proceedings (referred to as "initial-review collateral proceedings") because of the lack of the effective assistance of state habeas counsel. The Court limited the availability of this exception to the application of procedural bars in those states that do not allow ineffective assistance of trial counsel claims to be raised on direct appeal.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320. This exception does not apply, however, to Texas cases.

The Fifth Circuit first observed in a footnote that Texas does not preclude a defendant from raising an ineffective assistance of trial counsel claim on direct appeal, and that such claims are often brought on direct appeal, with mixed success. *See Adams v. Thaler*, 679 F.3d 312, 317 n.4 (5th Cir. 2012) (citing *Lopez v. Texas*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011)). The Fifth Circuit later held, in an unpublished opinion, that "unlike the petitioner in *Martinez*, Gates was not denied the opportunity under state law to raise his ineffective assistance of trial counsel claim on direct review. In Texas, a capital defendant can raise an ineffective assistance of trial counsel claim on direct review to the Court of Criminal Appeals." *Gates v. Thaler*, 2012 WL 2305855, at *6 (5th Cir. June 19, 2012) (per curiam) (citing *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (en banc)). And in *Ibarra v. Thaler*, ___ F.3d ____, 2012 WL 2620520 (5th Cir. June 28, 2012), the

panel distinguished Texas procedure from the Arizona procedure in *Martinez*:

> The TCCA made clear that a state habeas petition is the preferred vehicle for developing ineffectiveness claims. Yet Texas defendants may first raise ineffectiveness claims before the trial court following conviction via a motion for new trial, when practicable, and the trial court abuses its discretion by failing to hold a hearing on an ineffectiveness claim predicated on matters not determinable from the record. A prisoner who develops such a record through a new trial motion can of course pursue the denial of an ineffectiveness claim through direct appeal, but the TCCA has indicated that a new trial motion is neither a sufficient nor necessary condition to secure review of an ineffectiveness claim on direct appeal. Indeed, an ineffectiveness claim may simply be raised on direct appeal without the benefit of a motion for new trial. As a result, both Texas intermediate courts and the TCCA sometimes reach the merits of ineffectiveness claims on direct appeal. Where they do not, Texas habeas procedures remain open to convicted defendants. In short, Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings, and they do not by law deprive Texas defendants of counsel-and court-driven guidance in pursuing ineffectiveness claims. Accordingly, Ibarra is not entitled to the benefit of *Martinez* for his ineffectiveness claims, as Texas procedures entitled him to review through counselled motions for new trial and direct appeal.

*Id.,* 2012 WL 2620520, at *4 (citations omitted).

Hearn contended initially that the reasoning of these decisions should not apply to ineffective assistance of counsel claims that rely on facts outside the trial record. He argued that the only opportunity to include evidence that is not already in the trial record is by a motion for new trial that must be filed within 30 days of judgment, usually by trial counsel and before the record is transcribed. Pet. 90-91. Hearn pointed out that, in his case, the motion for new trial was due on January 10, 1999, but the reporter's record was not filed

until August 16, 1999. Pet. 91, n.26. Hearn concluded that, in death penalty cases like his, it is not practicable for the defendant to develop the evidence to support ineffective assistance of counsel claims through a motion for new trial. Absent the necessary factual development to support these claims, Hearn argued that they will not receive meaningful review in the direct appeal.

In his notice of recent relevant authority, Hearn acknowledges that his argument does not circumvent binding Fifth Circuit precedent that the *Martinez* exception does not apply to Texas cases. Therefore, the *Wiggins* claim made the basis of the instant petition for federal habeas relief is unexhausted and now procedurally barred under the Texas abuse-of-the-writ doctrine. The petition does not present a claim that has only become ripe for review since the prior habeas petition was denied. Therefore, the petition is successive.

This court has no jurisdiction to authorize a successive habeas proceeding. *See* 28 U.S.C. § 2244(3)(A). If a successive petition is filed in the district court before leave has been obtained from the court of appeals, the district court can either dismiss the motion for lack of jurisdiction or transfer the motion to the court of appeals. *See In re Hartzog*, 444 Fed. Appx. 63, 65 (5th Cir. 2011) (per curiam) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). This court would normally transfer a successive habeas petition to the court of appeals, but a transfer would be pointless in this case because Hearn has conceded that he cannot make the necessary showing. *See* Pet. 64; Stay Motion 3. Hearn acknowledges that "this Court can do nothing but dismiss Mr. Hearn's petition." Notice 3. Therefore, the court dismisses the petition for want of jurisdiction.


IV

Because the court lacks jurisdiction to consider the petition, it also denies the motion for stay of execution for want of jurisdiction. *See Green v. Harris Cnty.*, 390 F.3d 839, 839-840 (5th Cir. 2004). Alternatively, the court would conclude that Hearn is not entitled to a stay of execution. In deciding whether to grant a stay of execution, the court must normally consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Adams*, 679 F.3d at 318 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The stay motion presents the same *Wiggins* claim made the basis of the successive petition and also relies upon the applicability of the *Martinez* exception to Texas cases. As discussed above, the *Wiggins* claim could not succeed because it is unexhausted, procedurally barred, and the *Martinez* exception does not apply.

Further, this court's equitable analysis "must be sensitive to the State's strong interest in enforcing its criminal judgments without undue inference from the federal courts." *Id.* (citing *Hill v. McDonough*, 547 U.S. 573, 584 (2006)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Id.* (quoting *Nken*, 556 U.S. at 433-34). Hearn has not made the required showing, and the stay motion is denied on this alternate basis as well.

V

The court has granted Hearn's prior motions to proceed *in forma pauperis* in this court. The court likewise grants this instant motion.

VI

Considering the record in this case, and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court concludes that Hearn has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If Hearn files a notice of appeal, his *in forma pauperis* status will continue on appeal.

**SO ORDERED**.

July 9, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE